## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jane Lou Shaw,**
**Plaintiff Below, Petitioner**

**FILED**

June 6, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-1218** (Nicholas County 07-C-226)

**Cutting Edge Construction, Daniel S. Scher, and**
**Raymond Denuzzo, Defendants Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Jane Lou Shaw, appearing *pro se*, appeals the October 8, 2013, order of the Circuit Court of Nicholas County that dismissed her civil action with prejudice. The circuit court found that based on the court-appointed inspector's final inspection report, respondents completed all items set forth in the initial home inspection report. Respondent Daniel S. Scher, by counsel David Karickhoff, filed a summary response.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties entered into a contract on October 14, 2005, for respondents to renovate petitioner's home. Petitioner became dissatisfied with respondents' work and subsequently filed a civil action in 2007. The parties settled the action in 2011. Pursuant to the settlement agreement, respondents were required, *inter alia*, to (1) remove and replace insulation; (2) clean areas where mold is present; (3) finish petitioner's basement; (4) furnish necessary materials; and (5) provide materials to replace those that suffered water damage. An independent third-party was to be appointed "to periodically inspect the residence and determine whether the work has been completed pursuant to the original contract."[2] On August 31, 2011, the circuit court accepted the settlement agreement and conditionally dismissed the action without prejudice.

In 2012, petitioner filed a motion to enforce the settlement agreement alleging that respondents were not cooperating in completing the work or in agreeing on the third-party

---

[1] The other respondents did not file responses.

[2] At the time of the settlement agreement, the parties envisioned that an attorney would be the independent third-party, but a general contractor was eventually appointed as inspector.

1

inspector. On December 20, 2012, the circuit court held a hearing on petitioner's motion. At the hearing, respondents moved to reopen the action for further litigation. The circuit court (1) denied respondents' motion "as the parties' Agreement is deemed final"; (2) directed the parties to agree on a third-party inspector, or if they cannot agree, suggest individuals for the circuit court's consideration; and (3) set the matter for another hearing. On April 29, 2013, the circuit court once again deemed the settlement agreement and its August 31, 2011, order as final and directed compliance with the same, and appointed general contractor Mark Rodebaugh as the third-party inspector.

On June 17, 2013, Mr. Rodebaugh submitted his initial home inspection report that listed items that respondents were to complete. Subsequently, on September 20, 2013, Mr. Rodebaugh submitted a final inspection report that stated that "[a]n inspection was performed for each item upon completion" and that "the items that were to be completed by [respondents] have been completed." The circuit court held a status conference on September 26, 2013, at which the court noted that it received Mr. Rodebaugh's reports. Petitioner argued that Mr. Rodebaugh was incorrect that the work was satisfactorily completed. Respondents argued that because Mr. Rodebaugh reported that the work was completed, the action should be dismissed with prejudice. Mr. Rodebaugh did not attend the hearing and could not be reached by the circuit court by telephone. Accordingly, the circuit court set a telephone conference with Mr. Rodebaugh for the following day.

At the September 27, 2013, telephone conference, Mr. Rodebaugh testified, in pertinent part, as follows:

THE COURT: So was the—the work satisfactorily completed to your—or, was it completed to your satisfaction?

MR. RODEBAUGH: It was—It was—It was done as well as it could be done, Judge. It—It is not like a new structure going in place, and we all need to understand that, but, yes, it—I—I would say that, of all things I inspected, he did do exactly what he said he was going to do.

THE COURT: So all the—all the thing[s] . . . on the list of June 17th, those all been completed?

MR. RODEBAUGH: Yes, sir.

Mr. Rodebaugh was cross examined by petitioner's counsel who asked, "Did you do, like, a final inspection?" Mr. Rodebaugh answered, "I absolutely did." Accordingly, the circuit court dismissed petitioner's action, stating as follows: "Based upon the report of the Court's commissioner, the Court would find that [respondents] have satisfactorily completed the agreement that the parties previously entered into and that this matter will be dismissed from the docket of the Court as [respondents] have fully satisfied the requirements of the agreement." The circuit court entered its order of dismissal with prejudice on October 8, 2013.

Petitioner appeals the circuit court's October 8, 2013, order that dismissed her action with prejudice. We note that the dismissal concluded the circuit court's enforcement of a settlement agreement. "[T]his Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement." *Burdette v. Burdette Realty Improvement, Inc.,* 214 W.Va. 448, 452, 590 S.E.2d 641, 645 (2003).

On appeal, petitioner asserts that the court-appointed inspector lied when he testified that he performed a final inspection and that all items listed in his June 17, 2013, report were satisfactorily completed.[3] Respondent Scher counters that a deferential standard of review applies to the circuit court's October 8, 2013, order and that the circuit court should be affirmed.

We note that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). The circuit court heard Mr. Rodebaugh's testimony at the telephone conference, judged his credibility, and ruled accordingly. Therefore, this Court concludes that the circuit court did not abuse its discretion in dismissing petitioner's action with prejudice.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 6, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3] Petitioner makes two additional arguments that this Court finds to be waived. First, petitioner asserts that the circuit court erred in appointing an inspector of its own choosing rather than an individual suggested by the parties. Second, petitioner argues that the circuit court erred in not having petitioner personally attend the September 27, 2013, telephone conference. With regard to Mr. Rodebaugh's appointment, while the circuit court ordered that each party could "suggest" an individual to be appointed, nothing in the court's order prevented it from appointing its own choice for the third-party inspector. Moreover, the appendix record submitted by petitioner discloses no objection by petitioner or her counsel to Mr. Rodebaugh's appointment. *See State ex rel. Cooper v. Caperton,* 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996) ("The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace."). With regard to the telephone conference, petitioner was represented by her counsel at that conference. Furthermore, neither the transcript of the September 26, 2013, status conference nor of the September 27, 2013, telephone conference reflects that the circuit court was ever informed of any desire on the part of petitioner to personally attend the September 27, 2013, conference. *See id.*